## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA LANGLEY<br>7803 Parkview Road<br>Upper Darby, PA 19082 | : <br> : <br> : <br> : | **CIVIL ACTION** |
| Plaintiff, | : <br> : | **No.:** |
| v. | : <br> : | |
| RED ROSE, INC., d/b/a TEACH N'<br>TUMBLE TOO<br>611 Cedar Avenue<br>Yeadon, PA 19050<br>and<br>RRS, INC., d/b/a TEACH N' TUMBLE<br>TOO<br>2025 S. Simpson Street<br>Philadelphia, PA 19142<br>and<br>REGINIA STOCKLEY<br>611 Cedar Avenue<br>Yeadon, PA 19050 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Tamika Langley (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.      Introduction

1.      Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s).  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II.      Jurisdiction and Venue

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual with an address as set forth above.

7.     Defendants Red Rose, Inc. and RRS, Inc. operate under variations of the fictitious name of Teach N' Tumble (hereinafter collectively "Defendant TNT"). These defendants are a single enterprise, use the same management and resources, and are properly considered a joint, single or integrated employer of Plaintiff. Defendant TNT is in essence a single operation with multiple locations all following the same practices, policies, regulations and are overseen by the same management.[1]

---

[1] By way of example, Plaintiff physically worked for Defendants in Yeadon at a location registered with the Department of State as Red Rose, Inc., but Plaintiff was paid through RRS, Inc., as these entities operate an integrated business.

8.      Defendant Reginia Stockley (*hereinafter* "Defendant Stockley") is the President, owner and primary operations manager of Defendant TNT.

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV.     Factual Background

10.     The foregoing paragraphs are incorporated herein as if set forth in full.

11.     Plaintiff was hired by Defendants in or about mid-November of 2015; and in total, Plaintiff was employed with Defendants for approximately 2.5 years.

12.     Defendants generally operate a day care for very young children and referred to employees caring for such children as "teachers." Plaintiff was referred to as a "teacher" or "lead teacher" throughout her employment with Defendants.

13.     Education and certifications are not required for the role(s) within which Plaintiff was employed, and she was paid at a rate of $10.50 per hour. Plaintiff was solely paid by hour for each and every workweek in which she was employed with Defendants. And Plaintiff provided general day care.

14.     Plaintiff typically worked from at least 6:30 AM until 4:30 PM daily (and often later than this timeframe) and normally a minimum of 10 hours per day (up 7 days per week). Additionally, Plaintiff often worked weekends when scheduled. In total, Plaintiff normally worked at least 50-80 hours per week for Defendants (depending in large part upon need).

15.     Plaintiff was never paid at a rate of time and one half per hour for hours in excess of 40 hours per week. Instead, Plaintiff was paid only what is commonly understood to be

"straight time," which is the same hourly rate pre-40 hours as post-40 hours in the same workweek.

16.     By way of illustration, Plaintiff was identified as having worked 108.15 hours for payroll period ending March 8, 2018, a time period that included extensive overtime hours. Plaintiff's pay stub during this payroll period identified 0 hours of overtime, and Plaintiff was paid the gross sum of $11.35.58 (a sum that when divided by hours worked totals an hourly rate of only $10.50 per hour). This illustration was not an anomaly or clerical error, as this is the same manner in which Plaintiff was consistently paid during every pay period.

17.     Within the 1-2 months leading up to Plaintiff's termination from employment, Plaintiff approached her management (a director) and then Defendant Stockley on multiple occasions explaining she felt she was supposed to receive overtime compensation. Plaintiff complained that based upon her arithmetic, she was only receiving the same hourly rate per hour regardless of working over 40 hours per week.  Despite Plaintiff's concerns, her compensation was not corrected.

18.     Instead, after nearly 2.5 years of stellar employment, Plaintiff was pretextually terminated in close proximity to her complaints of unpaid overtime compensation.  Plaintiff had no prior progressive discipline before her abrupt termination.

19.     In particular, Plaintiff was terminated by telephone call with the assertion she was somehow insubordinate previously. Nothing Plaintiff had done though was insubordination, as the *feigned* rationale for Plaintiff's retaliatory termination was related to Plaintiff saying she could not physically handle or watch an overload of 2-year-old children (as there were safety ratios per regulations). From time to time, Defendants' management knowingly violated

regulations or safety procedures by attempting to have too many children supervised by the same day care workers in a dangerous manner.

20.     Defendants ran their business very unscrupulously without regard to safety at times and definitely in willful violation of state and federal wage law compliance.

21.     It is common knowledge that an hourly employee must receive overtime at a rate and time and one half, and the failure to pay same, constitutes a clear lack of good faith. Defendants knowingly failed to pay Plaintiff overtime, intentionally wrote "0" overtime hours on each of her checks, and ignored her concerns of non-payment of overtime.

22.     Not only is Plaintiff entitled to over $20,000.00 in unpaid overtime compensation, she is also entitled to "automatic" liquidated damages (separate and apart from her retaliatory termination damages).[2]

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)
### - Against All Defendants -

23.     The foregoing paragraphs are incorporated herein as if set forth in full.

---

[2] See e.g. Solis v. Min Fang Yang, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); Gayle v. Harry's Nurses Registry, Inc., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm**, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); Haro v. City of Los Angeles, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); Chao v. Barbeque Ventures, LLC, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); Chao v. Hotel Oasis, Inc., 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); Lockwood v. Prince George's County, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); Uphoff v. Elegant Bath, Ltd., 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); Nero v. Industrial Molding Corp., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

24.     At all times relevant herein, Defendants, are and continue to be, an "employer" within the meaning of the FLSA.

25.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

26.     The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

27.     At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

28.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

29.     Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that she worked over 40 each workweek.

30.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due her, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

31.     Defendant Stockley is personally liable as she directly failed to properly compensate employees such as Plaintiff.[3]

---

[3] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**- Against All Defendants -**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     Plaintiff expressly complained to management (and Defendant Stockley) about non-payment of her overtime pay (toward the end of her tenure with Defendants).

34.     Defendants retaliated against Plaintiff by terminating her for a completely absurd rationale, which was pretextually based upon her escalating concerns of unpaid overtime compensation.

35.     Any retaliation against Plaintiff for exercising her statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics* Corp., 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to retaliate against an employee for verbal <u>or</u> written concerns of unpaid overtime compensation).

**Count III**
**Violations of the Pa MinWage Act and the Pa Wage and Collection Law(s)**
**(Failure to Pay Overtime Wages and Base Hourly Wages)**
**- Against Both Defendants -**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Defendant's Failure to pay actual wages or overtime wages when Plaintiff worked in excess of 40 hours per week constitutes violations of the PMWA and the PWCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered legal violations at the hands of Defendants until the date of verdict;

      B.     Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

      C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

      D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

      F.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 11, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Tamika Langley | CIVIL ACTION |
| v. | |
| Red Rose, Inc., d/b/a Teach N' Tumble Too, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 12/12/2018 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   7803 Parkview Road, Upper Darby, PA 19082

Address of Defendant:   611 Cedar Avenue, Yeadon, PA 19050; 2025 S. Simpson Street, Philadelphia, PA 19142

Place of Accident, Incident or Transaction:   Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year      Yes ☐   No ☒
     previously terminated action in this court?

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐   No ☒
     pending or within one year previously terminated action in this court?

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier      Yes ☐   No ☒
     numbered case pending or within one year previously terminated action of this court?

4.   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes ☐   No ☒
     case filed by the same individual?

I certify that, to my knowledge, the within case   ☐ is / ☒ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   12/12/2018 _____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.      Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☒   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐  10.   Social Security Review Cases
☐  11.   All other Federal Question Cases
          *(Please specify):* _____

*B.      Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify):* _____
☐   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
          *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,   Ari R. Karpf _____, counsel of record *or pro se plaintiff*, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
     exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE:   12/12/2018 _____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LANGLEY, TAMIKA

**DEFENDANTS**

RED ROSE, INC., d/b/a TEACH N' TUMBLE TOO, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   12/12/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

[ Print ]   [ Save As... ]   [ Reset ]