IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA LANGLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-5355 |
| RED ROSE, INC. D/B/A TEACH N' TUMBLE TOO, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this __26th__ day of August, 2019, upon consideration of Plaintiff's unanswered Complaint (ECF No. 1), Plaintiff's uncontested Motion for Default Judgment (ECF No. 6), Plaintiff's Supplemental Brief in Support of her Motion for a Default Judgment (ECF No. 8), and evidence presented at a hearing before the Court on August 21, 2019 in which Defendants failed to appear, **IT IS HEREBY ORDERED AND DECREED** that unless Defendants object **within fourteen (14) days** of the date of this Order, then this Order shall constitute the entry of **FINAL JUDGMENT** against Defendants for a total of **$52,290.00**, comprised of $13,650.00 in unpaid overtime compensation, $12,495.00 in backpay, and $26,145.00 in liquidated damages.[i]

BY THE COURT:

/s/ Petrese B. Tucker

_____
Hon. Petrese B. Tucker, U.S.D.J.

---

[i] The following shall constitute the Court's findings under Federal Rule of Civil Procedure 55, which governs entry of final default judgment.

1

**Personal Jurisdiction**

At the outset, the Court notes that it may exercise specific and general personal jurisdiction over Defendants because Defendants' contacts with this forum are continuous and systematic and because Plaintiff's claims stem from Defendants' violations of the Fair Labor Standards Act ("FLSA") in this District.  In the context of default judgments, "although the plaintiffs retain the burden of proving personal jurisdiction, they can satisfy that burden with a *prima facie* showing, and may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *WM Capital Partners XXXIV, LLC*, *v. Bartholomew*, Civil Action No. 15-06225, 2017 WL 118110, *4 (E.D. Pa. Jan. 12, 2017) (quoting *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (internal quotations omitted).

There are two forms of personal jurisdiction: general and specific.  General jurisdiction is "based on contacts with the state that are *unrelated* to the cause of action." *Orazi v. Hilton Hotels Corp.*, Civ. A. No. 09-cv-05959, 2010 WL 4751728, at *2 (E.D. Pa. Nov. 22, 2010).  To establish general jurisdiction, the plaintiff must show that "the non-resident defendant's contacts with Pennsylvania were 'continuous and systematic.'" *Id.* at *2 (citing *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)).  Specific jurisdiction, by contrast, "exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Allstate Insur. Co. v. Electrolux Home Prods.*, 5:18-CV-00699, 2018 WL 3707377, at *2 (E.D. Pa. Aug. 3, 2017) (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)).

The allegations in the Complaint as well as Plaintiff's affidavit submitted in support of her Motion for Default Judgment, Plaintiff's testimony at the August 21, 2019 hearing, and other evidence, support the conclusion that Defendants are subject to the Court's jurisdiction both on grounds of general and specific jurisdiction. Defendants operate their business at a location in this District. *See generally* Compl. (showing Defendant Red Rose, Inc.'s address as 611 Cedar Avenue, Yeadon, PA 19050; showing Defendant RRS, Inc.'s address as 2025 S. Simpson Street, Philadelphia, PA 19142; showing Defendant Reginia Stockley's address as 611 Cedar Avenue, Yeadon, PA 19050). Defendants' advertise their services in Pennsylvania. Cert. of Tamika Langley Supp. Def. J. ¶ 8, ECF No. 8-1. Plaintiff worked at Defendants' location in this District. Plaintiff's claims for unpaid overtime stem from Plaintiff's employment at Defendants' location in this District. Defendant RRS, Inc. used the services of Payroll Service Solutions, L.L.C.—a company headquartered in this District—to prepare payroll records. Minute Sheet for August 21, 2019 Ex. P-2 (showing that Defendant RRS, Inc.'s "Earning Statement" was "[p]repared by Payroll Service Solutions, L.L.C." based in "Southampton, PA."). This evidence of Defendant's continuous and systematic contacts with this forum establish general personal jurisdiction. This evidence also, however, establishes specific personal jurisdiction as Plaintiff's claims arise from Defendants' failure to pay Plaintiff overtime for work performed at Defendants' location in this District. The Court has personal jurisdiction over Defendants.

### Service of Process

Next, the Court notes that Plaintiff successfully effectuated service of original process on Defendants by serving a copy of the Summons and Complaint on Defendants by handing copies to Defendants' agents at Defendants' offices and usual places of business.

Federal Rule of Civil Procedure 4(e)(1) authorizes service of original process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Pennsylvania Rule of Civil Procedure 402, which governs the manner of service in Pennsylvania, "[o]riginal process may be served . . . by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii).

In this case, Plaintiff served Defendant Red Rose, Inc. by handing a copy of the Summons and Complaint to Rosa Puller, a director for Red Rose, Inc., at Red Rose, Inc.'s office location. *See* Aff. of Service ECF page 1 of 3, ECF No. 4; Cert. of Tamika Langley Supp. Def. J. ¶ 9, ECF No. 8-1 (testifying that Rosa Puller was a director at Red Rose, Inc.). Plaintiff served Defendant RRS, Inc. by handing a copy of the Summons and Complaint to Sharif Fluke, a manager or owner of RRS, Inc., at RRS, Inc.'s business location. Proof of Service ECF page 2 of 3, ECF No. 4. Plaintiff served Defendant Reginia Stockley by handing a copy of the Summons and Complaint to Rosa Puller at Reginia Stockley's office and usual place of business. Aff. of Service ECF page 3 of 3, ECF No. 4.

Thus, Plaintiff's service of original process upon Defendants is compliant with Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 402.

### Final Default Judgment Factors

Turning to the issue of final default judgment, it is well-established that entry of final default judgment is analyzed under a three-factor framework, which requires the Court to consider: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). If after considering these three factors, the court concludes that entry of final judgment of default is appropriate, the court must then "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *United States v. Brown*, No. 13-4530, 2014 WL 657518 657518, at *1 (E.D. Pa. Feb. 20, 2014) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The court must, "[i]n short, . . . ensure that there is a basis for the damages specified in the default judgment." *WM Capital Partners XXXIV, LLC*, 2017 WL 118110 at *9.

In this case, each of the three factors applicable to the final default judgment inquiry militate in favor of entry of final default judgment. First, absent entry of final default judgment, Plaintiff will suffer substantial prejudice because she has no other remedy against Defendants who "have indicated no desire to appear or otherwise defend themselves in the matter." *WM Capital Partners XXXIV, LLC*, 2017 WL 118110 at *12 (citing *Summit Tr. Co. v. Paul Ellis Inv. Assoc., LLC*, No. 2:12-6672, 2013 WL 3967602, at *4 (E.D. Pa. Aug. 2, 2013)). Second, the Court finds that Defendants can present no meritorious defense to Plaintiff's claims especially in view of four weeks of Plaintiff's pay stub records that show Plaintiff worked more than forty hours each week, but was never paid any overtime. *See* Minute Sheet for August 21, 2019 Ex. P-1. Third, Defendants failed to respond to service of the Summons and Complaint, failed to oppose entry of default, failed to oppose Defendants' Motion for Default Judgment, failed to respond to Defendants' Supplemental Brief in Support of her Motion for Default Judgment, and failed to respond to the Court's orders instructing Defendants to appear and defend themselves or face judgment. *See* Order dated August 2, 2019 n.i, ECF No. 9 (recounting the procedural history of this case and Defendants' numerous failures to appear and defend themselves in this case). Such repeated and sustained failure to participate in the litigation process constitutes

culpable conduct and supports the entry of final default judgment. *See, e.g.*, *WM Capital Partners XXXIV, LLC*, 2017 WL 118110 at *12 (citing *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 272 (E.D. Pa. 2014)). The Court, thus, concludes that all three factors of the final default judgment inquiry support entry of final default judgment, and next turns to the calculation of damages.

## Calculation of Damages

In the Third Circuit and elsewhere, "courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct for purposes of establishing damages" in the context of default judgments. *Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc.*, No. 2:12-CV-7182 WJM, 2013 WL 5536193, at *3 (D.N.J. Oct. 7, 2013) (quoting *Perero v. Food Jungle, Inc.*, No. 5-CV-4347, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006)) (internal quotations omitted). This presumption comports with the burden shifting framework of the FLSA. Under the FLSA, while the "burden of proving that [an employee] performed work for which he was not properly compensated" ordinarily rests on the employee, the Third Circuit has acknowledged that this burden is "difficult to meet[] where an employer has not maintained its records." *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014) (internal citations omitted). Thus, in a situation where records are in the sole possession of the employer or otherwise nonexistent, the burden on the employee is to "submit sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Id.* (internal citations omitted). Upon such a showing, the "burden shifts to the employer to rebut that inference." *Id.*

Here, Plaintiff has submitted sufficient evidence from which the Court may conclude that Defendants have violated the FLSA and the amount of an appropriate award. Plaintiff submitted

pay stubs for four weeks of employment with Defendants and testified at the August 21, 2019 damages hearing that the hours worked in that four-week period was representative of her employment with Defendants.  Minute Sheet for August 21, 2019 Ex. P-2.  Plaintiff testified in Court about her typical work day, her typical compensation, and her efforts to obtain new employment after Defendants terminated her.  *See also* Cert. of Tamika Langley Supp. Def. J. ¶ 4, ECF No. 8-1 (explaining that Plaintiff typically worked "from at least 6:30 a.m. until 4:30 p.m. Monday through Friday, accruing over 50-90 hours of work").  Plaintiff testified that despite consistently working longer than the typical forty-hour work week, she was compensated only at her normal $10.50 hourly rate and never paid time-and-a-half for any hours worked over forty hours.  The Court accepts the evidence submitted by Plaintiff as reasonable and concludes, consistent with Plaintiff's calculations conducted in open court at the August 21, 2019 hearing, that Plaintiff is entitled to unpaid overtime compensation in the amount of $13,650.00 and back pay in the amount of $12,495.00.  *See* Minute Sheet for August 21, 2019 Ex. P-1 (providing a step-by-step calculation of overtime and backpay damages).

      The Court also concludes that Plaintiff is entitled, under 29 U.S.C. § 216(b) to liquidated damages in the amount of $26,145.00—one times the total of Plaintiff's unpaid overtime and backpay compensation.  Under Section 16 of the FLSA, "[a]ny employer who violates the [overtime provisions of the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  There exists a presumption that liquidated damages should be awarded, unless the employer can show "to the satisfaction of the court that the act or omission giving rise to [a violation of the FLSA] was in good faith and that [the employer] had reasonable grounds for believing that his act or omission

was not a violation." 29 U.S.C. § 260.  Whether to award liquidated damages or not is left to the sound discretion of the district court.  29 U.S.C. § 260.

Here, Defendants have failed to appear or defend themselves in this case and the Court can identify no evidence to show that Defendants acted in good faith or had reasonable grounds for believing that their actions did not violate the FLSA.  Thus, liquidated damages are appropriate.

## **Conclusion**

For the foregoing reasons, and consistent with the Court's instructions above, unless Defendants object within fourteen (14) days of the date of this Order, then this Order shall constitute the entry of FINAL JUDGMENT against Defendants for a total of $52,290.00.